Gene GRAFFAM, IV, Plaintiff

v.

**TOWN OF HARPSWELL,**
et al., Defendants

No. 01–296–P–H.

United States District Court,
D. Maine.

March 26, 2003.

Charles G. Williams, III, the Williams Law Firm, P.C., Lewiston, ME, for Gene Graffam, VI, plaintiff.

Michael E. Saucier, Thompson & Bowie, Portland, ME, for Harpswell, Town of defendant.

John J. Wall, III, Monaghan, Leahy, Hochadel & Libby, Portland, ME, for Joshua Potvin, Deputy, defendant.

## ORDER AFFIRMING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

HORNBY, District Judge.

On March 26, 2002, Magistrate Judge Cohen filed his Recommended Decision recommending that the defendant's motions to dismiss be granted. The plaintiff filed his objection on April 15, 2002; the defendants responded on April 24 and May 2, respectively. The matter was therefore ready for a ruling on the Recommended Decision and no further proceedings were necessary. Nevertheless, on May 23, 2002, the Clerk's Office notified the lawyers in the case that no action would be taken on pending matters "pending resolution of the disciplinary proceedings" that were then pending against the plaintiff's lawyer, Charles G. Williams.

On February 27, 2003, I issued an Order to Show Cause why the matter should not be reactivated on the Court's docket, the disciplinary matter not having yet been resolved and the plaintiff not having obtained alternate counsel. One defendant has agreed that the matter can appropriately be reactivated; the other defendant has not responded. The plaintiff *pro se* states that he "would like to wait until Attorney Williams is back in practice and then continue on with my case."

Because there is no need for any further lawyer involvement for me to rule on the pending Recommended Decision, I conclude that the matter should therefore be reactivated.

I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the

Recommended Decision; and, over objection, I concur with the recommendations of the United States Magistrate Judge and determine that no further proceeding is necessary.

It is therefore ORDERED that the Recommended Decision of the Magistrate Judge is hereby ADOPTED. The defendants' motions to dismiss are GRANTED.

If the plaintiff, Gene Graffam, wishes to appeal this decision to the United States Court of Appeals for the First Circuit, he should immediately obtain a lawyer licensed to practice before that Court. He is hereby notified that he must file his notice of appeal with the Clerk of the United States District Court within thirty (30) days. Failure to do so will result in his giving up his right to appeal.

The Clerk's Office shall send a copy of this Order to the individual plaintiff.

So ORDERED.

## RECOMMENDED DECISION ON MOTIONS TO DISMISS

COHEN, United States Magistrate Judge.

The defendants, the town of Harpswell and Joshua Potvin, have moved to dismiss the plaintiff's claims against them in this action arising out of an application for a shellfishing license. The plaintiff has not filed an objection to Potvin's motion within the time allotted by this court's Local Rule 7(b) and accordingly, by the terms of that rule, is deemed to have waived objection. I accordingly recommend that Potvin's motion be granted. *See Dougherty v. Nynex Corp.*, 835 F.Supp. 22, 23 (D.Me.1993). I also recommend that the town's motion be granted, for the reasons stated below.

### I. Applicable Legal Standard

The town's motion to dismiss invokes Fed.R.Civ.P. 12(b)(6). Defendant Town of Harpswell's Motion to Dismiss, etc. ("Town's Motion") (Docket No. 4) at 1. "When evaluating a motion to dismiss under Rule 12(b)(6), [the court] take[s] the well-pleaded facts as they appear in the complaint, extending the plaintiff every reasonable inference in [its] favor." *Pihl v. Massachusetts Dep't of Educ.*, 9 F.3d 184, 187 (1st Cir.1993). The defendant is entitled to dismissal for failure to state a claim only if "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." *Roma Constr. Co. v. aRusso*, 96 F.3d 566, 569 (1st Cir.1996); *see also Tobin v. University of Maine Sys.*, 59 F.Supp.2d 87, 89 (D.Me.1999).

### II. Factual Background

The operative complaint in this action alleges the following relevant facts. The plaintiff is a resident of the town of Harpswell. First Amended Complaint for Relief ("First Amended Complaint") (Docket No. 2) ¶ 2. He resides with his father. *Id.* ¶ 5. He has previously been issued a commercial shellfish permit pursuant to section 301.1 of the Harpswell Code. *Id.* ¶ 3. He filed an application for a renewal of this permit and was denied by Potvin, a sheriff's deputy employed by the town to investigate applications for such permits. *Id.* ¶¶ 6–8.

On or about March 22, 2001, the town conducted a hearing before its selectmen on the question whether a shellfish permit would be issued to the plaintiff in 2001. *Id.* ¶¶ 20–21. The town denied the application. *Id.* ¶ 22. As a result, the plaintiff suffered damages. *Id.* ¶ 28.

The first amended complaint alleges that the town lacked substantial evidence to support the denial; denied the plaintiff his rights to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution; acted in an arbitrary and capricious manner; lacked any procedural rules, regula-

tions or policies sufficient to comply with *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); and applied an unconstitutionally vague ordinance in acting on the plaintiff's application. *Id.* ¶¶ 23–27. It asserts jurisdiction solely under 42 U.S.C. § 1983. *Id.* ¶ 1.

### III. Discussion

▄▄▄ The town first argues that the plaintiff's claim are not ripe for adjudication because he "cannot dress up what should have been an appeal through state channels as a Section 1893 claim, to side step the procedures and remedies available under state law." Town's Motion at 8. The plaintiff apparently agrees that review of the town's action would be available under Maine law through the courts pursuant to M.R. Civ. P. 80B. Plaintiff's Consolidated Motions in Opposition to Defendant Harpswell's Motion to Dismiss, etc. ("Plaintiff's Opposition") (Docket No. 5) at 18–19. The amended complaint does not allege that any such remedy has been pursued. However, exhaustion of administrative remedies is not a requirement for actions brought under 42 U.S.C. § 1983. *Patsy v. Board of Regents of the State of Florida,* 457 U.S. 496, 516, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). There is a finality requirement, which "is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury." *Williamson County Reg. Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 193, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). Contrary to the town's position, the amended complaint, construed as required in connection with a motion to dismiss, does allege such final action by the town. First Amended Complaint ¶¶ 18–28.

The town suggests, Town's Motion at 8, that the plaintiff's claims are not ripe under *Creative Env'ts, Inc. v. Estabrook,* 680 F.2d 822, 833 (1st Cir.1982), a case in which a developer sued a town and certain of its employees, alleging violations of section 1983 in connection with the denial of a permit for a proposed residential housing development, *id.* at 823. In connection with a discussion of the plaintiff's procedural due process claim in that case, the First Circuit said that the plaintiff's claim was

> too typical of the run of the mill dispute between a developer and a town planning agency ... to rise to the level of a due process violation. The authority cited by [the plaintiff], as well as other cases, all suggest that the conventional planning dispute – at least when not tainted with fundamental procedural irregularity, racial animus, or the like – which takes place within the framework of an admittedly valid state subdivision scheme is a matter primarily of concern to the state and does not implicate the Constitution. This would be true even were planning officials to clearly violate, must less "distort" the state scheme under which they operate. A federal court, after all, "should not ... sit as a zoning board of appeals."

*Id.* at 833 (quotation marks in original; quoting *Village of Belle Terre v. Boraas,* 416 U.S. 1, 12, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974) (Marshall, J., dissenting). While at first glance this reasoning might appear equally applicable to a dispute over a local shellfish license, the First Circuit's opinion in *Miller v. Town of Hull,* 878 F.2d 523, 529–31 (1st Cir.1989), casts some doubt on such a conclusion. In that case, the court noted that *Creative Environments* applies only to "certain due process claims," which do not "apply to the deprivation of such fundamental constitutional rights as those protected by the first amendment." *Id.* at 530. Here, the plaintiff makes a constitutional vagueness claim

in addition to his substantive and procedural due process claims. First Amended Complaint ¶ 27. It is not necessary, in any event, to decide whether *Creative Environments* should be applied to the plaintiff's due process claims in this case because those claims are subject to dismissal for other reasons raised by the town.

■ The town next contends that the plaintiff has no property interest in the shellfish license at issue and accordingly cannot establish any entitlement to constitutional protection. Town's Motion at 10–11. The amended complaint invokes the due process clause of the Fourteenth Amendment to the United States Constitution. First Amended Complaint ¶ 24.

In order to establish a procedural due process claim under § 1983, [a plaintiff] must allege first that it has a property interest as defined by state law and, second, that the defendants, acting under color of state law, deprived it of that property interest without constitutionally adequate process.

*PFZ Props., Inc. v. Rodriguez,* 928 F.2d 28, 30 (1st Cir.1991). Here, the plaintiff does not contend that anything other than a property interest is at stake. Plaintiff's Opposition at 11–13. Under Maine law, the plaintiff does not have a property interest in the license at issue.

Generally, licenses do not create a protected property interest when broad discretion is vested in a state official or agency to deny or approve the application. In such cases, an applicant has little more than an abstract or unilateral expectation in that license. On the other hand, if a benefit is a matter of statutory entitlement for persons qualified to receive them, then the government has created a property interest in that benefit.

*Munjoy Sporting & Athletic Club v. Dow,* 755 A.2d 531, 537 (Me.2000) (citations and internal punctuation omitted). The plaintiff argues that the town's ordinance "creates a statutory entitlement to C[ommercial] S[hellfish] L[icense]s," because "a person may receive a permit where he satisfies the conservation obligation, pays the fee, and proves 'residency' under the Code." Plaintiff's Opposition at 12. A copy of the Harpswell Shellfish Ordinance is attached to the town's motion as Exhibit A.[1]

The town contends that the ordinance does not create a statutory entitlement because "the number of licenses provided is limited and the factual determination of residency must be reviewed by the Conservation Warden and is subject to his discretion." Defendant Town of Harpswell's Memorandum of Law in Opposition to Plaintiff's Motions for Temporary Restraining Order and Permanent Injunction ("Town's Reply") (Docket No. 9) at 5. However, the ordinance also provides that an applicant for a renewal resident commercial license who has been licensed for at least two of the preceding five years and has fulfilled his conservation obligation will be licensed unless the applicants in this category exceed the number of licenses available, in which case licenses will be awarded based on the number of years during the preceding five years the applicant has held a commercial license.

---

1. Although the ordinance is not attached to the first amended complaint or explicitly incorporated by reference therein, the complaint refers repeatedly to this document and claims that it is invalid. First Amended Complaint ¶¶ 6, 18, 27. The plaintiff has neither challenged the authenticity of Exhibit A to the town's motion nor moved to strike it from the record. Under these circumstances, the ordinance is properly before the court. *Beddall v. State St. Bank & Trust Co.,* 137 F.3d 12, 16–17 (1st Cir.1998); *Fudge v. Penthouse Int'l, Ltd.,* 840 F.2d 1012, 1015 (1st Cir.1988).

Harpswell Shellfish Ordinance ("Ordinance") (Exh. A to Town's Motion) § 304.5. The plaintiff alleges that he applied for a renewal license. First Amended Complaint ¶ 6. Despite the fact that the number of such licenses is limited, the criteria for awarding that number of licenses are absolute and not discretionary. An applicant who has enough licensed years within the past five is entitled to the license. Similarly, the residency requirement, as set forth in sections 104.3 and 304.1 of the ordinance, is not a matter open to the exercise of discretion. While the ordinance provides that each application "will be reviewed by the Shellfish Conservation Warden(s) for accuracy," *id.* § 305, the definition of a resident is specific and not open to interpretation: " 'Resident' means a person who has domiciled in the Town for at least six months next prior to the time his/her claim of residence is made," *id.* ¶ 104.3. The fact that the parties to this action dispute whether the plaintiff was so domiciled does not mean that the warden or the town has any discretion to deny an application when the applicant is in fact a resident within this definition. From all that appears on the face of the amended complaint, the plaintiff has a colorable claim to a property interest in the license he sought under the applicable ordinance. *See generally Gonzales v. Commissioner, Dep't of Pub. Safety*, 665 A.2d 681, 683 (Me.1995).

 The inquiry does not stop there, however. As noted earlier, the plaintiff must also establish that the defendant, acting under color of state law, deprived him of a property interest without constitutionally adequate process. I will first address the plaintiff's procedural due process claim.

The Due Process Clause also encompasses ... a guarantee of fair procedure. A § 1983 action may be brought for a violation of procedural due process, but here the existence of state remedies *is* relevant in a special sense. In procedural due process claims, the deprivation by state action of a constitutionally protected interest in "life, liberty, or property" is not itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law.* The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate. This inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law.

*Zinermon v. Burch*, 494 U.S. 113, 125–26, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) (emphasis in original; citations omitted). "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (noting that negligent deprivations of property do not violate the clause when predeprivation process is impracticable). Courts "assess the adequacy of procedures by balancing the government's interest against the private interest affected by that action, the risk of an erroneous deprivation, and the value of additional safeguards." *Licari v. Ferruzzi*, 22 F.3d 344, 347 (1st Cir.1994). Here, M.R. Civ. P. 80B provides a meaningful postdeprivation remedy. The plaintiff apparently con-

tends, without citation to authority, that this remedy is not adequate because he cannot recover his lost income and economic harm under Rule 80B. Plaintiff's Opposition at 14. While that assertion may be technically correct, nothing in the rule prohibits the plaintiff from bringing with his Rule 80B complaint a constitutional claim on which he would be entitled to recover such damages. M.R. Civ. P. 80B(i); *Polk v. Town of Lubec,* 756 A.2d 510, 513 (Me.2000). The plaintiff next contends that a predeprivation hearing is also constitutionally required under the circumstances of this case. Plaintiff's Opposition at 15–17. However, by the very terms of the amended complaint, the plaintiff was provided with a predeprivation hearing in this case. First Amended Complaint ¶¶ 20–21. Nothing further is required to assure procedural due process. The town is entitled to dismissal of the plaintiff's procedural due process claims.

The plaintiff also alleges that the town denied him substantive due process. *Id.* ¶ 24. "[S]ubstantive due process protects citizens from certain government actions regardless of the fairness of the procedures used to implement them." *Grendell v. Gillway,* 974 F.Supp. 46, 50 (D.Me.1997) (citation and internal punctuation omitted). Such claims proceed under one of two theories.

Under the first, a plaintiff asserts that the state has deprived him of a liberty or property interest protected by the Due Process Clause, while under the second, a plaintiff alleges that the state has acted in a manner that "shocks the conscience," regardless of the existence of a liberty or property interest. *See Pittsley v. Warish,* 927 F.2d 3, 6 (1st Cir.1991).

*Tobin v. University of Maine Sys.,* 59 F.Supp.2d 87, 89 (D.Me.1999). The plaintiff does not respond to the town's argument on this claim and accordingly is deemed to have waived opposition. *See Graham v. United States,* 753 F.Supp. 994, 1000 (D.Me.1990) (opposition to motion to dismiss certain count deemed waived and motion granted when plaintiffs' opposition consisted of one sentence). In the unlikely event that some portion of the plaintiff's response could be construed to address the substantive due process claim, I will briefly address the elements of such a claim in relation to the amended complaint. Here, the amended complaint cannot reasonably be construed to allege that the town's conduct shocked the conscience. *See Amsden v. Moran,* 904 F.2d 748, 750–51, 757 (1st Cir.1990). Nor do the conclusory allegations of the amended complaint establish a claim under the first of the two *Tobin* alternatives.

Our cases make clear that a regulatory board does not transgress constitutional due process requirements merely by making decisions for erroneous reasons or by making demands which arguably exceed its authority under the relevant state statutes. Even bad-faith violations of state law are not necessarily tantamount to unconstitutional deprivations of due process.

*Id.* at 757 (citations and internal punctuation omitted). Whether the denial of the plaintiff's application "was improperly motivated or insufficiently grounded" in the town's jurisdiction "is strictly a matter of [state] law." *Id.* at 758. Accordingly, the town is entitled to dismissal of the plaintiff's substantive due process claims.

The amended complaint purports to state a separate claim under *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), First Amended Complaint ¶ 26, but that case deals only with an alleged denial of procedural due process, *id.* at 332–49, 96 S.Ct. 893. I have already

dealt with the plaintiff's procedural due process claim.

The plaintiff's final claim is that the ordinance is void on its face for vagueness. First Amended Complaint ¶ 27 (section 301.1 of the ordinance is "unconstitutionally vague in describing and defining residency requirements, standards of proof needed to obtain commercial shellfish licenses, and/or documents needed to prove 'residency' as defined for the purposes of the ordinance"). Following general introductory language to the effect that "[t]here are three types of licenses as follows," section 301.1 of the ordinance provides, in its entirety:

> Resident Commercial Shellfish License. This license entitles the Licensee to harvest any amount of shellfish from the tidal waters or clam flats of the Town where and when it is otherwise lawful to do so.

Ordinance § 301.1. This section does not mention residency requirements and would not be the appropriate location, if there were such a location, for an explication of the standard of proof imposed on applicants for resident commercial shellfish licenses. The plaintiff apparently means to refer to sections 104.3 and 304.1 of the ordinance, which provide, respectively:

> "Resident" means a person who has domiciled in the Town for at least six months next prior to the time his/her claim of residence is made.
>
> \* \* \* \* \* \*
>
> An applicant for a Resident Commercial Shellfish License must be a resident of the Town of Harpswell as defined in Sec. 104.3 and whose prior shellfish license is not currently under suspension pursuant to this Ordinance.

Ordinance §§ 104.3, 304.1. In any event, the plaintiff does not oppose the town's motion to dismiss this claim in his response to the motion and therefore must be deemed to have waived any opposition. The plaintiff does argue in conclusory fashion that the residency requirement is vague, but only in the context of the risk of erroneous deprivation of a license as an element of the need for a pre-deprivation remedy. Plaintiff's Opposition at 16–17. To the extent that this argument may also be construed as one in support of the amended complaint's void-for-vagueness claim, the only portion of the argument that does not depend on evidence outside the amended complaint and the necessarily included ordinance is conclusory and insufficient under *Graham*.[2] Further, even if the argument were sufficiently developed, the relevant portions of the ordinance are not facially void for vagueness. Neither section is "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Connally v. General Constr. Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926). *See also Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 501, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982) (term of ordinance directed at businesses not unconstitutionally vague on face when business person of ordinary intelligence would understand it). The concept of "domicile" is well-known in Maine law and has a consistent, long-standing common-law definition. *E.g., Poirier v. City of Saco*, 529 A.2d 329, 330 (Me.1987) (referring to "our judicial definition of domicile" as "a place where a person lives or has his home, to which, when absent, he intends to return and from which he has no present

---

**2.** Resort to any of the extraneous evidence relied upon by the plaintiff at page 17 of his opposition would require the court to convert this motion to dismiss into one for summary judgment. Fed.R.Civ.P. 12(b)(6). I decline to do so and recommend that the court exclude these materials for purposes of the motion to dismiss.

purpose to depart"), quoting *Belanger v. Belanger*, 240 A.2d 743, 746 (Me.1968). The plaintiff cites no authority in support of his necessarily-implied argument that a local ordinance that requires residency is void if it does not specify what documentary or other evidence of domicile will be deemed sufficient. Indeed, requiring such a term would appear to unnecessarily restrict the ability of both applicants and license-issuing local officials to deal with individual circumstances as they arise and would serve no obvious constitutional purpose. The town is entitled to dismissal of the plaintiff's void-for-vagueness claims.

All of the remaining specific allegations in the amended complaint are subsumed within the constitutional claims discussed above. The plaintiff offers no other source allowed under section 1983 for any of those claims.

### IV. Conclusion

For the foregoing reasons, I recommend that the defendants' motions to dismiss be **GRANTED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

March 26, 2002.